**Motion Denied; Order filed August 19, 2016.**



In The

# Fourteenth Court of Appeals

———————————

NO. 14-16-00577-CV

———————————

**CHARLIE JONES, JR., Appellant**

**V.**

**CHRISTOPHER FUNK, Appellee**

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1064844**

## ORDER

This is an appeal from a judgment signed June 8, 2016. Appellant filed an affidavit of indigence in the trial court to which the Harris County Clerk filed a contest. On August 10, 2016, the trial court signed an order sustaining the county clerk's contest and ordering appellant to pay costs on appeal.

On August 10, 2016, appellant filed a motion with this court requesting that we review the trial court's order sustaining the contest to his affidavit of indigence. *See* Tex. R. App. P. 20.1(j)(1).

When a contest is sustained and a review of the ruling is sought, the question is whether an examination of the record as a whole establishes that the trial court abused its discretion. *See Jones v. Duggan*, 943 S.W.2d 90, 93 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding). In ruling on the merits of the evidence at the trial court level, the test for determining entitlement to proceed in forma pauperis is whether the preponderance of the evidence shows that the appellant would be unable to pay the costs of appeal, if he really wanted to and made a good faith effort to do so. *See Griffin Indus. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996). To show a clear abuse of discretion, the appellant must show that, under the circumstances of the case, the facts and law permit the trial court to make but one decision. *See Cronen v. Smith*, 812 S.W.2d 69, 70 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding).

Texas Rule of Appellate Procedure 20.1 governs affidavits of indigence. It permits a party to proceed with an appeal without advance payment of costs if (1) the party files an affidavit of indigence in compliance with the rule; (2) either the claim of indigence is not contested or the contest is not sustained; and (3) the party files a timely notice of appeal. Tex. R. App. P. 20.1(a). The affidavit must identify the party filing it, state the amount of costs the party can pay, if any, and contain complete information regarding sources of income and property. Tex. R. App. P. 20.1(b). The affidavit must specifically state:

> (1) the nature and amount of the party's current employment income, government-entitlement income, and other income;
>
> (2) the income of the party's spouse and whether that income is available to the party;

(3) real and personal property the party owns;

(4) cash the party holds and amounts on deposit that the party may withdraw;

(5) the party's other assets;

(6) the number and relationship to the party of any dependents;

(7) the nature and amount of the party's debts;

(8) the nature and amount of the party's monthly expenses;

(9) the party's ability to obtain a loan for court costs;

(10) whether an attorney is providing free legal services to the party without a contingent fee; and

(11) whether an attorney has agreed to pay or advance court costs.

Tex. R. App. P. 20.1(b)(1)–(11).

In appellant's affidavit, he listed as assets $700 in monthly earnings the previous month, the address of real property owned other than his homestead, and a truck on which he owed payment.

The burden of proof at the hearing on the contest to the affidavit is on the individual claiming indigence. *See* Tex. R. App. P. 20.1(g). At the hearing appellant testified that he does not have a full-time job but works "odds and ends." Appellant stated that the affidavit of indigence was not recent, and that he had not earned $700 in the previous month. Appellant has a zero balance in his bank account despite stating in his affidavit that he had $102. Appellant owns a truck, and has approximately $400 in personal property. He does not own the home he lives in, but does odd jobs in exchange for rent. The real property listed on his affidavit is the subject of the judgment he wishes to appeal. On the first day of the hearing, the trial court noted that appellant's affidavit was not sworn and did not contain each of the items required by Texas Rule of Appellate Procedure 20.1. The trial court read the requirements in open court, and appellant asked for more time to prepare. Appellant

agreed that one additional day was sufficient to meet the requirements of Rule 20.1. The hearing was continued to the following day.

At the hearing the next day appellant failed to appear. On the record the trial court noted that it waited more than fifteen minutes for appellant, but appellant failed to appear. The court noted that appellant's affidavit of indigence was not verified or sworn. The court further noted that the previous day when appellant appeared in court he was carrying a "smart phone," which the court concluded indicated appellant had resources with which to purchase the phone. At the conclusion of the second hearing, the trial court sustained the county clerk's contest.

Having reviewed the evidence at the hearing in the trial court, we conclude the court did not abuse its discretion in denying appellant's request to proceed without the payment of costs. Therefore, appellant is directed to pay or make arrangements to pay for the record in this appeal. *See* Tex. R. App. P. 35.3(a)(2). Unless appellant provides this court with proof of payment for the filing fee within fifteen days of the date of this order, we will dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 37.3(b).

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and McCally.